# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RICHARD DICKERSON,[1] | ) |
| Petitioner, | ) No. 2:19-cv-02168-TLP-tmp |
| v. | ) |
| STATE OF TENNESSEE, | ) |
| Respondent. | ) |

## ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND DIRECTING RESPONDENT TO RESPOND TO PETITION UNDER 28 U.S.C. § 2254

Petitioner Richard Dickerson[1] filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). (ECF No. 1.) Petitioner paid the $5.00 filing fee. (ECF No. 10.) The Clerk shall record the Respondent as Kevin Genovese, TCIX Warden.[2]

The Clerk is DIRECTED to serve a copy of the § 2254 Petition and this Order on Respondent and the Tennessee Attorney General and Reporter by certified mail pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Respondent is ORDERED to file a response to the § 2254 Petition within twenty-eight (28) days of service of the Amended § 2254 Petition. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 4. The answer shall include the

---

[1] Petitioner, Tennessee Department of Corrections prisoner number 50885, is an inmate incarcerated at the Turney Center Industrial Complex ("TCIX") in Only, Tennessee.

[2] The Clerk is directed to terminate references to the State of Tennessee as the Respondent. The proper respondent to a habeas petition is the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004); *see* Fed. R. Civ. P. 25(d). Here, that is TCIX Warden Kevin Genovese. *See* Tennessee Department of Correction, https://www.tn.gov/correction/sp/state-prison-list/turney-center-industrial-complex.html (last accessed Apr. 18, 2019).

complete state-court record, organized and appropriately indexed, as required by Local Administrative Order 2016-31. See 28 U.S.C. § 2254(b)(1). The answer shall also state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Petitioner may, if he chooses, submit a reply to Respondent's Answer or response within twenty-eight (28) days of service. Habeas Rule 5(e). Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of the time to reply, as extended.

**SO ORDERED**, this 7th day of May, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE