IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD DICKERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:19-cv-02168-TLP-tmp |
| v. | ) | |
| | ) | |
| WARDEN KEVIN GENOVESE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER CONSTRUING MOTION FOR CERTIFICATE OF APPEALABILITY AS NOTICE OF APPEAL**

Petitioner Richard Dickerson petitioned pro se under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.[1]  (ECF No. 1.)  In March 2022, the Court dismissed the petition, denied a certificate of appealability, certified that any appeal would not be taken in good faith, and denied Petitioner leave to proceed in forma pauperis on appeal.  (ECF No. 17.)  The Court entered judgment for Respondent.  (ECF No. 18.)  Petitioner now moves for a certificate of appealability.  (ECF No. 19.)  But, for the reasons below, the Court construes this motion as a notice of appeal.

It is unclear whether Petitioner intended to direct his motion to this Court or to the Sixth Circuit Court of Appeals.  As mentioned above, this Court already denied a certificate of appealability.  (ECF No. 17 at PageID 1586.)  And although Petitioner refers to himself in the motion as "Appellant," he has not filed a document entitled "notice of appeal."  That said,

---

[1] Petitioner is an inmate at the Turney Center Industrial Complex ("T.C.I.X.") in Only, Tennessee.  His Tennessee Department of Correction ("TDOC") prisoner number is 508885.

Petitioner titled his motion "Appellant's Combined Opening Brief and Application for Certificate of Appealability," suggesting that he meant to submit his motion to the Sixth Circuit. (ECF No. 19 at PageID 1588.) And, as explained below, the Court therefore interprets Petitioner's motion for a certificate of appealability as a notice of appeal rather than a motion to reconsider.[2]  *See Hicks v. Berghuis*, No. 2:10-cv-15161, 2014 WL 4595862, at *1–2 (E.D. Mich. Sept. 14, 2014) (construing a petitioner's motion for certificate of appealability as a notice of appeal).

Federal Rule of Appellate Procedure 22(b) governs certificates of appealability in habeas proceedings. *See* Fed. R. App. P. 22(b)(1). Under this Rule, "[i]f an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any) along with the notice of appeal and the file of the district-court proceedings." *Id.* And "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." *Id.* In addition, "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Fed. R. App. P. 22(b)(2).

With that in mind, Petitioner may seek a certificate of appealability from the Sixth Circuit. The only question is whether Petitioner has done so in his motion for certificate of appealability. "The Sixth Circuit previously has held that a pro se application for a certificate of probable cause (the precursor to and functional equivalent of an application for a certificate of appealability) filed within the time limits of Fed. R. App. P. 4(a) may serve as a notice of

---

[2] If Petitioner moves for reconsideration, the Court **DENIES** a certificate of appealability for the reasons explained in the order dismissing the § 2255 petition. (ECF No. 17 at PageID 1586.)

appeal." *Hicks*, 2014 WL 4595862, at *1 (citing *McMillan v. Barksdale*, 823 F.2d 981, 982–23 (6th Cir. 1987)). What is more, timeliness is not an issue here.[3] *See* Fed. R. App. P. 4(a)(1), (c)(1). The issue is whether this motion complies with Federal Rule of Appellate Procedure 3(c)'s three requirements for a notice of appeal.

First, a notice of appeal specifies "the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ." Fed. R. App. P. 3(c)(1)(A). Second, a notice of appeal designates "the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). Lastly, a notice of appeal names "the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(C). But these are not strict requirements, especially for pro se litigants. *See Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017); *see also Hicks*, 2014 WL 4595862, at *1. "Documents other than formal notices of appeal can satisfy Rule 3(c)'s requirements." *Lamb*, 677 F. App'x at 207 (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992)). But the document must be the "functional equivalent" of a notice of appeal. *Id.* (quoting *Smith*, 502 U.S. at 248); *see also Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006) ("Functional rather than formalistic compliance [with Rule 3(c)] is all that is required.").

In his motion, Petitioner identifies himself as the party taking the appeal. *See* Fed. R. App. P. 3(c)(1)(A). And Petitioner identifies the Court's order dismissing his petition as the order he seeks to appeal. *See* Fed. R. App. P. 3(c)(1)(B). But Petitioner's motion does not explicitly reference the Sixth Circuit. *See* Fed. R. App. P. 3(c)(1)(C). While Petitioner refers to himself as "Appellant," and it is titled "Appellant's Combined Opening Brief and Application for Certificate of Appealability," the case caption lists the United States District Court for the

---

[3] The Court entered judgment for Respondent on March 30, 2022. (ECF No. 18.) And Petitioner placed his motion in the prison mail system on April 25, 2022, within 30 days of the Court entering judgment. (ECF No. 19 at PageID 1597.)

Western District of Tennessee rather than the Sixth Circuit Court of Appeals. (ECF No. 19 at PageID 1588.) But this is not fatal to Petitioner's cause. *See Lamb*, 677 F. App'x at 207 ("Lamb did not indicate that he was appealing his case to the Sixth Circuit. However, where there is but one court to which an appellant can avail himself of appellate review, we cannot dismiss the case for failure to name that court specifically." (citing *Dillon v. United States*, 184 F.3d 556, 557 (6th Cir. 1999) (en banc))).

This Court finds that "it is it is objectively clear that [Petitioner] intended to appeal" to the Sixth Circuit. *See Hicks*, 2014 WL 4595862, at *1 (quoting *Smith*, 502 U.S. at 248). "Where, as here, the document acting as a notice of appeal includes the case number and the appellant's name, and is sent to the district court from whose judgment the appeal is taken, [the court] can readily determine to which court the appellant seeks to appeal." *Lamb*, 677 F. App'x at 207 (citing *Dillon*, 184 F.3d at 557). And so the Court finds that the motion for a certificate of appealability qualifies as a notice of appeal under Federal Rule of Appellate Procedure 3(c).

The Court therefore construes this motion (ECF No. 19) as a notice of appeal. As a result, the Court respectfully **DIRECTS** the Clerk to serve the notice of appeal in accordance with Federal Rule of Appellate Procedure 3(d). *See* Fed. R. App. P. 3(d)(1). And the Court respectfully **DIRECTS** the Clerk to "send the court of appeals . . . the notice of appeal and the file of the district-court proceedings," in accordance with Federal Rule of Appellate Procedure 22(b). *See* Fed. R. App. P. 22(b)(1).

**SO ORDERED**, this 26th day of May, 2022.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE
